IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL U. PETERSON,** | : | |
| Plaintiff | : | CIVIL NO. 1:CV-05-2416 |
| v. | : | (Judge Rambo) |
| **Lt. BUSSARD,** *et al.*, | : | |
| Defendants | : | |

# **M E M O R A N D U M**

## I. Introduction

Plaintiff, Michael U. Peterson, an inmate at the State Correctional Institution in Frackville, Pennsylvania, commenced this action *pro se* by filing a civil rights complaint pursuant to the provisions of 42 U.S.C. § 1983. Defendants are the following Pennsylvania Department of Corrections officials: Lt. Bussard, Kerri Cross, J. Scekers, Ms. Chamberlain, D.J. Wakefield, T. Wingard, and Robert S. Bitner. Plaintiff claims that Defendants violated his Fourteenth Amendment Due Process rights when he was placed in disciplinary custody without proper notice and without an opportunity to be heard.

## II. Background

On April 11, 2005, Defendant Bussard ordered two corrections officers to search cell A-11, which was occupied by inmate Donald Bound. During the search, the officers found "approximately 2.7 grams of white and yellow tablets of suspected steroids." (Doc. 1, Ex. A.) Inmate Bound admitted that the tablets were steroids, and upon investigation four confidential informants testified that the steroids were purchased from Plaintiff. (*Id*.) On May 10, 2005, Plaintiff was issued a misconduct report for his involvement in distribution of the steroids. (*Id*.)

A prison disciplinary hearing was held on May 17, 2005, and Plaintiff was found guilty of possessing contraband. Plaintiff alleges that, as a result, the Pennsylvania Board of Probation and Parole sanctioned him with revocation of constructive parole and imposition of nine months back-time. Plaintiff claims that the hearing was improper because: (1) it was held prior to receipt of a laboratory report from the Pennsylvania State Police; (2) Plaintiff did not receive 24 hours advance notice; (3) Plaintiff was not provided an opportunity to be heard; and (4) Plaintiff was not permitted to call witnesses. (Doc. 1 at 5 ¶ 9(F)). Plaintiff seeks compensatory and punitive damages, declaratory and injunctive relief, fees and costs, and expungement of the misconduct.

Presently pending is Defendants' motion to dismiss (Doc. 8) Plaintiff's complaint. The motion has been fully briefed and it is ripe for disposition. For the following reasons, the motion will be granted.[1]

### III. Discussion

#### A. Motion to Dismiss Standard

In rendering a decision on a motion to dismiss, the court must accept the Plaintiff's allegations in the complaint as true, as well as any reasonable inferences therefrom. *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006). In *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996), the United States Court of Appeals for the Third Circuit added that when considering a motion to dismiss, based on a Rule 12(b)(6) argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Moreover, a motion to dismiss may only be granted if there is no reasonable reading of the facts that would entitle Plaintiff to relief. *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004). Nevertheless, the Court is mindful that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404

---

[1]In light of the court's disposition of the pending motion on Defendants' due process argument, Defendants' alternate arguments (Eleventh Amendment immunity and lack of personal involvement by Defendants) will not be addressed by the court.

U.S. 519, 520 (1972).  The Court should consider the allegations in the complaint, the exhibits attached thereto, matters of public record, and "undisputedly authentic" documents.  *See Angstadt v. Midd-West School Dist.*, 377 F.3d 338, 342 (3d Cir. 2004); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Generally, a court must grant leave to amend before dismissing a complaint that is merely deficient.  *See, e.g., Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility."  *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).  Since the court finds that Plaintiff's complaint does not establish entitlement to relief under any reasonable interpretation, and amendment would be futile, the complaint will be dismissed without leave to amend.

### B. Fourteenth Amendment Protection

Plaintiff claims that he was denied due process protections of the Fourteenth Amendment of the United States Constitution.  The Fourteenth Amendment provides, in pertinent part:  "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ."  The Supreme Court has mandated a two-part analysis of a procedural due process claim:  first, "whether the asserted

4

individual interests are encompassed within the . . . protection of 'life, liberty or property' " and second, "if protected interests are implicated, we then must decide what procedures constitute 'due process of law.' " *Ingraham v. Wright*, 430 U.S. 651, 672 (1977). If there is no protected liberty or property interest, it is unnecessary to analyze what procedures were followed when an alleged deprivation of an interest occurred. "Protected liberty interest[s] in avoiding prison disciplinary sanctions can arise either from the Due Process Clause itself or from state law." *Torres v. Fauver*, 292 F.3d 141, 150 (3d Cir. 2002).

### 1. **Existence of Protected Liberty Interest**

Prisoners "may not be deprived of . . . liberty . . . without due process of law." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). It is well-settled that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* Nevertheless, the Supreme Court has found that there can be a liberty interest at stake in disciplinary proceedings that result in a sanction that will increase the prisoner's incarceration. *Id.* at 557 (reasoning that Nebraska state law had created such a liberty interest). Moreover, parole revocation is a loss of liberty triggering due process protections. *Id.* at 560. Since Plaintiff's sanction included parole revocation and nine months back-time, Plaintiff has identified a liberty interest

5

here. Therefore, the court will review the procedures afforded to Plaintiff in the disciplinary hearing.

## 2. **Procedural Due Process**

In *Wolff*, the Supreme Court set forth minimum procedural due process requirements for prison disciplinary proceedings: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative, if the charged inmate is illiterate or if complex issues are involved; and (5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action. 418 U.S. at 559. Plaintiff claims that he was denied the second and third requirements. The touchstone of due process is protection of the litigant from an arbitrary deprivation of his liberty interest. *Id*. at 558. In *Superintendent, Massachusetts Correctional Inst. at Walpole v. Hill*, 472 U.S. 445 (1985), the Supreme Court added a procedural requirement, holding that there must be some evidence in the record that supports the conclusion of the disciplinary tribunal. *Hill*, 472 U.S. at 453-56.

Based on the record, the court concludes that Plaintiff was afforded the full requirements of due process in his disciplinary hearing. Plaintiff received a copy of the incident report on May 10, 2005, the day it was issued, at 12:35 p.m. (Doc. 1, Ex. A). Thereafter, a hearing was held on May 17, 2005, at 9:00 a.m. A review of the record reveals that Plaintiff appeared at the hearing, and he received written notice of the charges nearly seven (7) days prior to the hearing,[2] well before the twenty-four hour deadline.

The hearing examiner heard Plaintiff's testimony in which he pled not guilty, and submitted his version of the event, claiming that "he had nothing to do with the contraband" at issue. (*Id.* Ex. B at 1.) Although Plaintiff's requests for witnesses were denied, the hearing officer properly denied the requests under the disciplinary procedures. Under the disciplinary guidelines, "the hearing examiner may approve the presence of any staff member or witness, only if the staff member or witness has knowledge of the incident, is present on facility grounds, and only if the testimony is needed to establish guilt or innocence of the inmate." (DC-ADM 801, Section VI.E.7.) Plaintiff's request for Defendant Bussard's testimony was denied

---

[2]Plaintiff concedes that he received a copy of the misconduct report on May 10, 2005, but he asserts that the report was incomplete because "there was no lab report to verify what the suspected drug was." (Doc. 1 at 5.) Although Plaintiff appears to argue that he was entitled to receive the laboratory results twenty-four hours prior to the hearing, the court is not aware of any support for such a requirement.

7

because Bussard did not participate in the cell search, and the request for Bounds to testify was denied because Bounds refused. (Doc. 1, Ex. B at 2.)

Finally, Plaintiff received a written decision setting forth the evidence relied upon and the rationale for the decision. (*Id.*) Thus, the court concludes that Plaintiff received the requisite due process requirements set forth in *Wolff*.

### C. Evidence Supporting Decision

Since Plaintiff was afforded all of his procedural rights, the only remaining issue is whether there was sufficient evidence to support the decision. *See Hill*, 472 U.S. at 455. After a review of the record, the Court concludes that there was more than ample evidence to support the hearing examiner's decision. The hearing examiner had the discovery of white and yellow tablets found in Bounds' cell. After questioning, Bounds admitted that the items found were steroids, but he refused to identify the source of the contraband. Nevertheless, the hearing examiner had the testimony of four confidential informants, confirming that the contraband was purchased from Plaintiff. This evidence sufficiently supports the outcome of the hearing, and Defendants' motion to dismiss the complaint will be granted.

Ordinarily, the court would grant leave to amend the complaint if it is possible to cure the deficiencies in the pleading. *See Alston*, 363 F.3d at 235.

However, the Plaintiff has supplied substantial detail in his complaint as to the basis of his claim, and the court concludes that leave to amend would be futile. Thus, the complaint will be dismissed without leave to amend.

## III. Conclusion

Since Plaintiff received the appropriate due process requirements in his disciplinary hearing, Defendants' motion to dismiss will be granted. An appropriate order will issue.

                                             s/Sylvia H. Rambo
                                             SYLVIA H. RAMBO
                                             United States District Judge

Dated: October 23, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL U. PETERSON,** : | |
| : | |
| **Plaintiff** : | **CIVIL NO. 1:CV-05-2416** |
| : | |
| v. : | **(Judge Rambo)** |
| : | |
| **Lt. BUSSARD,** *et al.*, : | |
| : | |
| **Defendants** : | |

## O R D E R

**AND NOW, THEREFORE,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1) Defendants' motion to dismiss Plaintiff's complaint (Doc. 8) is **GRANTED**.

2) The Clerk of Court is directed to close this case.

3) Any appeal from this order will be deemed frivolous, without probable cause, and not taken in good faith.

                                                 s/Sylvia H. Rambo
                                                 SYLVIA H. RAMBO
                                                 United States District Judge

Dated: October 23, 2006.